UNITED STATES DISTRICT COURT
NEW JERSEY DISTRICT COURT
NEWARK

CASE NO.: 2:23-cv-22730

STEVEN LAMONT MARKOS,

        Plaintiff,

v.

NORTH JERSEY PRO BUILDERS, LLC,

        Defendant,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant NORTH JERSEY PRO BUILDERS, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant North Jersey Pro Builders, LLC ("NJ Pro") is a construction company in New Jersey.

4. NJ Pro prides itself on hard work, honesty and a strong sense of community who values quality work, efficient responsiveness, and professional adaptability. At all times relevant herein, NJ Pro owned and operated the internet website located at the publicly available URL https://www.northjerseyprobuilders.com (the "Website").

5. Markos alleges that Defendant copied his copyrighted Work from the internet to advertise, market, and promote its business activities.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New Jersey.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, NJ Pro engaged in infringement in this district, NJ Pro resides in this district, and NJ Pro is subject to personal jurisdiction in this district.

## DEFENDANT

10. North Jersey Pro Builders, LLC is a New Jersey Limited Liability Company, with its principal place of business at 515 South Broad Street, Glen Rock, NJ 07452 and can be served by serving its Registered Agent, Keith Mellen, at 71 Homestead Lane, Lincoln Park, NJ 07035.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2017, Markos created the photograph entitled "Edison-006," which is shown below and referred to herein as the "Work".

2



12. Markos registered the Work with the Register of Copyrights on October 3, 2017, and was assigned registration number VA 2-073-596.  The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Markos published the Work on July 16, 2017, by displaying it on his business website at URL https://npplan.com/parks-by-state/new-jersey-national-parks/thomas-edison-national-historical-park-park-at-a-glance/thomas-edison-national-historical-park-glenmont-mansion-tour/ (the "NNP Website"). At the time he published the Work on the NNP Website and at all times thereafter, Markos displayed usage and licensing rights to the public through a Photo Licensing tab[1] on his website.

14. Marko's display of the Work on the NNP Website also included copyright management information ("CMI") on the Work in the form of a watermark, and next to the Work

---

[1] https://npplan.com/home-page/photo-usage/

3

by use of Markos's name, copyright notices, and link to the licensing terms (collectively, the "Attributions").

15. Markos's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work is entirely original, distinctive, and unique in perspective, orientation, positioning, lighting, and other details. As such, the Work qualifies as subject matter protectable under the Copyright Act.

16. At all relevant times Markos was the owner of the copyrighted Work.

## **INFRINGEMENT BY NJ PRO**

17. NJ Pro has never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, NJ Pro copied the Work.

19. On or about January 20, 2023, Markos discovered the unauthorized use of his Work on the Website at URL https://www.northjerseyprobuilders.com/blogs/historical-homes-thomas-edisons-house.

20. NJ Pro copied Markos's copyrighted Work without Markos's permission or authority.

21. After NJ Pro copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its construction business.

22. NJ Pro copied and distributed Markos's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

23. NJ Pro committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Markos never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

25. Markos notified NJ Pro of the allegations set forth herein on March 23, 2023, and May 17, 2023. To date, the parties have failed to resolve this matter.

26. When NJ Pro copied and displayed the Work at issue in this case, NJ Pro removed Markos's copyright management information from the Work.

27. Markos never gave NJ Pro permission or authority to remove copyright management information from the Work at issue in this case.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

28. Markos incorporates the allegations in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Markos owns a valid copyright in the Work at issue in this case.

30. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. NJ Pro copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos's authorization in violation of 17 U.S.C. § 501.

32. NJ Pro performed the acts alleged in the course and scope of its business activities.

33. Defendant's acts were willful.

34. Markos has been damaged.

35. The harm caused to Markos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Markos incorporates the allegations in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work contains copyright management information ("CMI") in the form of Attributions on the NNP Website.

38. NJ Pro knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

39. NJ Pro distributed the Work to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

40. NJ Pro committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Markos's rights in the Work.

41. NJ Pro caused, directed, and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos's rights in the Work at issue in this action protected under the Copyright Act.

42. Markos has been damaged.

43. The harm caused to Markos has been irreparable.

## COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

44. Markos incorporates the allegations in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

45. The Work at issue in this case contains false copyright management information ("CMI").

6

46. NJ Pro knowingly and with the intent to enable or facilitate copyright infringement, added CMI, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) in the form of its business name embedded on the Work, as shown below:



47. NJ distributed copies of the Works to third parties which included false copyright management information conveyed in connection with the Works.

48. NJ Pro committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

49. NJ Pro applied false CMI upon the Copyrights Work.

50. After applying the false CMI to the Work, NJ Pro published the Work in violation of 17 U.S.C. § 1202(a).

51. Markos has been damaged.

52. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff STEVEN LAMONT MARKOS prays for judgment against the Defendant NORTH JERSEY PRO BUILDERS, LLC that:

a. NJ Pro and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b. NJ Pro be required to pay Markos his actual damages and Defendant's profits attributable to the infringement, or, at Markos's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c. Markos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Markos be awarded pre- and post-judgment interest; and

e. Markos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Markos hereby demands a trial by jury of all issues so triable.

DATED: November 29, 2023              Respectfully submitted,

*/s/Eliezer Lekht*
ELIEZER LEKHT (33019-2021)
elekht@tarterkrinsky.com

**TARTER, KRINSKY, & DROGIN**
1350 Broadway
New York, NY 10018
212.574.0365 – Telephone

*Counsel for Plaintiff Grant Heilman Photography, Inc.*